# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LARRY ARNOLD YOUNG,

        **Plaintiff,**

v.                                              Civil Action No. 2:10cv66
                                                      (Judge Bailey)

D. THOMPSON, DURANKO,
D. SHAW, UNKNOWN MAIL ROOM
PERSONNEL and D. YOST,

        **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

The *pro se* plaintiff initiated this Bivens[1] action on May 24, 2010. [Dckt. 1]. The undersigned granted plaintiff permission to proceed as a pauper on June 9, 2010. [Dckt 10]. Plaintiff paid his initial partial filing fee on June 28, 2010. [Dckt 13]. After completing a preliminary review, the undersigned issued an Order to Answer. [Dckt 14]. Defendants filed a Motion to Dismiss, or in the Alternative, for Summary Judgment on November 24, 2010. [Dckt. 33].

Because the plaintiff is proceeding without counsel, on December 2, 2010, the Court issued a Roseboro Notice advising the plaintiff of his right to file a response to the defendants' motion. [Dckt. 35]. The plaintiff filed his response on December 7, 2010. [Dckt. 38].

On December 13, 2010, plaintiff moved to amend and supplement his complaint. [Dckt 41]. Defendants responded on December 15, 2010, with a Motion to Strike Plaintiff's Motion to Amend/Correct [dckt 47], which was denied on May 31, 2011. [Dckt. 65]

---

[1] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (authorizing suits against federal employees in their individual capacities).

## II.  The Contentions of the Parties

**A.  The Complaint**

In the complaint, plaintiff alleges that the defendants violated his constitutional rights by harassing and retaliating against him for filing a grievance against defendant Thompson for spitting tobacco juice on the compound.[2] Plaintiff alleges the defendants retaliated against him by falsifying incident reports against him; conducting searches of his cell and locker, and removing and confiscating authorized items; falsely accusing him of feeding wild animals; ordering him not to feed wild animals; and by denying him his legal mail thereby denying plaintiff the opportunity to object, resulting in an unfavorable ruling from the District Court. Plaintiff further alleges that by denying him his legal mail, defendants denied his constitutional right to access the courts. Plaintiff seeks just compensation as relief.

**B.  The Defendants' Motion**

In their memorandum in support of their motion, the defendants assert the following:

(1) the plaintiff failed to exhaust administrative remedies;

(2) the plaintiff failed to file his claims against defendants Shaw, Yost, Duranko, and Thompson, within the statute of limitations.

(3) plaintiff fails to state a claim for which relief can be granted because he
   (a) fails to establish causes of action against defendants in their individual capacities for constitutional violations;
   (b) fails to allege facts sufficient to demonstrate that the alleged retaliatory act was in response to the exercise of a constitutionally protected right or that the act itself violated such a right;
   (d) fails to show he suffered an adverse impact or actual injury, more than a mere inconvenience, to the exercise of his constitutional right; and
   (e) fails to allege a retaliatory motive on the part of the defendants.

---

[2] Defendants assert that plaintiff failed to allege a retaliatory motive. Following a review of the entire record, the undersigned finds that plaintiff in fact alleges a retaliatory motive, i.e., the filing of a grievance against defendant Thompson.

(4) plaintiff's claim against the mailroom staff for failing to follow BOP procedure for forwarding certified mail to an inmate should be dismissed because BOP did not receive the document at issue.

**C.  The Plaintiff's Response**

In response to the defendants' motion, the plaintiff asserts that he filed and exhausted all administrative remedies. He next asserts that the statute of limitations period does not apply to his claims, and that his claims meet the "clear and plain statement" standard.

Next, the plaintiff alleges additional instances of retaliation including one instance in which defendant Thompson destroyed plaintiff's file containing copies of defendant Thompson's "fabricated incident reports."

The plaintiff then reiterates much of his prior arguments and argues that his claims are valid. Thereafter, the plaintiff requests that the defendants' motion be denied and that his case proceed. Plaintiff seeks relief in the form of just compensation and the return of property confiscated by defendants Thompson and Shaw.

**D.  The Plaintiff's Motion to Amend**

Plaintiff further seeks to amend and supplement his complaint. In plaintiff's "Motion for Leave to Amend & Supplement Pursuant to Rule 15 (a), (c), & (d) of the Federal Rules of Civil Procedure," he moves to amend his complaint with "events that happened after the date of the pleading." Further, plaintiff seeks to supplement his complaint with he a due process claim stating that he was deprived of his "liberty interest in remaining free from administrative confinement" and was denied his right to non-adversarial review. In support of his due process claim, the plaintiff restates facts alleged in his complaint that on February 19, 2008, defendants Thompson and Duranko abused him while he sought medical treatment, falsified  incident reports, confiscated his medical

supplies and property, and subsequently transferred him to administrative confinement for four months.

### III. Standards of Review

#### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must "contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citations omitted), to one that is "plausible on its face," *id.* at 570, rather than

merely "conceivable." *Id.* Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, adopted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id.*

**B. Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the

opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. *Id.* at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

### IV. Analysis

**A. Plaintiff's Motion to Amend**

Plaintiff's motion to amend and supplement his pleadings falls under Fed. R. Civ. P. 15 (a), which states that before trial "a party may amend its pleading once as a matter of course . . ." and "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Further, "[t]he court should freely give leave [to amend] when justice so requires,"and permit a party to supplement his pleadings "on just terms." Fed.R.Civ.P. 15(a) & (d). Here, the plaintiff seeks to amend his complaint with "events that happened after the date of the pleading," and further, to supplement his complaint with a due process claim for improper administrative segregation. [Dckt 41]

Granting the plaintiff's motion to amend and supplement would be futile. First, the plaintiff clearly could not have exhausted his administrative remedies for those allegations occurring "after the date of the pleading." Second, prisoners have no liberty interest in remaining free from

administrative segregation. Beverati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997) (finding that "confinement to administrative segregation does not implicate a liberty interest"). Accordingly, the plaintiff's motion to amend and supplement should be denied.

**B. Exhaustion of Administrative Remedies**

A Bivens action like an action under 42 U.S.C. §1983, is subject to exhaustion of administrative remedies as required by the Prison Litigation Reform Act (PLRA). Porter v. Nussle, 534 U.S. 516, 524 (2002). Under the PLRA, a prisoner bringing an action "with respect to prison conditions" under 42 U.S.C. §1983 must first exhaust all available administrative remedies. 42 U.S.C. §1997e. Exhaustion as provided in §1997e(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). While the phrase "with respect to prison conditions" is not defined in 42 U.S.C. §1997e, the Supreme Court has determined that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. at 516.[3] Moreover, exhaustion is even required when the relief the prisoner seeks, such as monetary damages, is not available. Booth, 532 U.S. at 741.

The actions of the defendants regarding alleged retaliation constitutes actions "with respect to prison conditions" within the meaning of the PLRA and the requirement of exhaustion of administrative remedies applies to those actions and the alleged effects of those actions.

The BOP provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). If the prisoner achieves no satisfaction informally, he must file

---

[3] In Porter, an inmate sued the correctional officers who had severely beaten him. The inmate alleged that the correctional officers "placed him against a wall and struck him with their hands, kneed him in the back, [and] pulled his hair." Porter, 534 U.S. at 520.

a written complaint with the warden (BP-9), followed by an appeal to the regional director of the Federal Bureau of Prisons (BP-10). Finally, if the prisoner has received no satisfaction, he may appeal to the office of the General Counsel (BP-11). 28 C.F.R. § 542.10-542.15; Gibbs v. Bureau of Prison Office, FCI, 986 F.Supp. 941, 943 (D.Md. 1997).

The Fourth Circuit has determined that the PLRA does not require a prisoner to allege that he has exhausted his administrative remedies. Anderson v. XYZ Correctional Health Services, 407 F.3d 674 (4th Cir. 2005). The Fourth Circuit further found that exhaustion is an affirmative defense, but that a district court may dismiss the complaint where the failure to exhaust is apparent from the face of the complaint or that the court may inquire "on its own motion into whether the inmate exhausted all administrative remedies." *Id.* at 683.

The defendants concede that three of plaintiff's allegations have been exhausted: 1) plaintiff's claims against defendant Yost regarding mailing a hobby craft item through the mail room; 2) plaintiff's claim against defendant Thompson pertaining to incident report number 1701379, received by plaintiff on February 17, 2008, for unauthorized possession of a meat thermometer; and 3) plaintiff's claim that he was denied his legal mail regarding the Magistrate Judge's Report and Recommendation in Case # 3:06-CV-00110, resulting in an unfavorable decision against him, and thereby denying him access to the courts. [Dckt 34-1 Ex.1 at Attach. F]. The remainder of plaintiff's allegations against the defendants have not been properly exhausted through the available administrative remedies, and should be dismissed . [Dckt 34-1 Ex.1 at Attach. F].

**C.**  **Statute of Limitations**

For purposes of determining the appropriate statute of limitations, claims filed pursuant to 42 U.S.C. § 1983 are analogous to "general personal injury actions." Wilson v. Garcia, 471 U.S.

261, 279 (1985). Thus, their timeliness is determined based upon the relevant state limitations period for personal injury actions. Because Bivens is the federal equivalent to an action under §1983, federal courts have consistently extended the state general personal injury statute of limitations to Bivens cases, as well as § 1983 claims. See, e.g. Chin v. Bowen, 833 F.2d 21, 23-24 (2d Cir. 1987). In fact, the Fourth Circuit Court of Appeals has determined that West Virginia's two year personal injury statute of limitations contained at W. Va. Code § 55-2-12(b) is appropriately applied in Bivens actions. See Reinhold v. Evers, 187 F.3d 348, 359, n. 10 (4th Cir. 1999).

For purposes of a Bivens action, "a cause of action accrues either when the plaintiff has knowledge of his claim or when he is put on notice . . . to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir.1995).

Plaintiff filed his Complaint in this case on May 24, 2010. [Dckt 1]. Based on the date of plaintiff's complaint, only claims occurring or accruing on or after May 24, 2008 survive the West Virginia statute of limitations. Of the three remaining allegations for which plaintiff exhausted his administrative remedies, only one survives after applying the West Virginia statute of limitations.

In regards to plaintiff's allegation against defendant Yost regarding mailing a hobby craft item through the mail room, the BOP issued its final response to plaintiff on February 27, 2007. [Dckt 34-1 Ex.1 at Attach. F]. Further, in regards to plaintiff's allegation concerning denial of his legal mail resulting in a denial of his access to the courts, plaintiff exhausted his administrative remedies and received the BOP's final response on August 30, 2007. [Dckt 34-1 Ex.1 at Attach. F]. Both of these allegations accrued well before May 24, 2008. Both claims are therefore barred by the two-year statute of limitations period, and should be dismissed with prejudice.

The only allegation that survives the statute of limitations period is plaintiff's claim against defendant Thompson pertaining to incident report number 1701379, received by plaintiff on February 17, 2008, for unauthorized possession of a meat thermometer. [Dckt 34-1 Ex.1 at Attach. F]. The BOP issued its final response for incident report number 1701379 on June 2, 2008, and that claim is thus within the statute of limitations period. [Dckt 34-1 Ex.1 at Attach. F].

D. **Retaliation**

Plaintiff asserts that he filed a grievance against defendant Thompson, and that Thompson proceeded to retaliate against him by planting a meat thermometer in plaintiff's authorized locker, and falsifying an incident report against him on February 19, 2008. [Dckt 1].

In order to sustain a claim based on retaliation, a plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir.1994). Therefore, *"in forma pauperis* plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked [conclusory] allegations of reprisal to survive [§ 1915(e)(2)(B) ]." *Id.* Furthermore, claims of retaliation are treated with skepticism in the prison context. Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir.1996). Additionally, "[a] plaintiff alleging that government officials retaliated against her in violation of her constitutional rights must demonstrate, *inter alia,* that she suffered some adversity in response to her exercise of protected rights."American Civil Liberties Union of Maryland, Inc. v. Wicomico County, Md., 999 F.2d 780, 785 (4th Cir. 1993).

However, inmates do not have a constitutional right to participate in grievance procedures. Adams, 40 F.3d at 75. Thus, the plaintiff can state no retaliation claim regarding the filing of his grievances. Accordingly, the plaintiff's retaliation claim should be dismissed with prejudice for the

failure to state a claim.

## V. Recommendation

For the reasons stated, the undersigned recommends that the plaintiff's Motion for Leave to Amend and Supplment [Dckt 41] be **DENIED**. Further, the undersigned recommends that the defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Dckt 33] be **GRANTED**, and the plaintiff's complaint [Dckt 1] be **DISMISSED with prejudice** from the active docket of this Court.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk, written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: June 8, 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE