**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**LARRY ARNOLD YOUNG**,

        Plaintiff,

v.                                                                                  **Civil Action No. 2:10-cv-66
(BAILEY)**

**D. THOMPSON**, *Correctional Officer*,
**DURANKO**, *S.I.S. Technician*, **D. SHAW**,
*Lieutenant*, **UNKNOWN MAIL ROOM
PERSONNEL, and D. YOST**, *I.S.O.*,

        Defendants.

**ORDER OVERRULING OBJECTIONS TO THE REPORT AND RECOMMENDATION
AND ORDER ADOPTING REPORT AND RECOMMENDATION**

This case is pending before this Court on the Opinion/Report and Recommendation (hereinafter "R&R") filed by Magistrate Judge John S. Kaull [Doc. 69], Plaintiff's Objections to Report and Recommendation [Doc. 71], and Plaintiff's Supplemental Objections to Report and Recommendation [Doc. 72-1], regarding plaintiff's **Bivens**[1] action [Doc. 1]. After reviewing the R&R, the record, and the arguments of the parties, the Court finds that plaintiff's objections to the R&R should be **OVERRULED**, the R&R should be **ADOPTED**, plaintiff's Motion for Leave to Amend and Supplement [Doc 41] should be **DENIED**, defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 33] should be **GRANTED**, and plaintiff's complaint [Doc. 1] should be **DISMISSED with**

---

[1] ***Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics***, 403 U.S. 388 (1971) (authorizing suits against federal employees in their individual capacities).

1

**prejudice**.

I.      <u>**FACTS AND PROCEDURAL BACKGROUND**</u>

The *pro se* plaintiff initiated this **Bivens** action on May 24, 1 2010. [Doc. 1]. The magistrate judge granted plaintiff permission to proceed as a pauper on June 9, 2010. [Doc. 10]. Plaintiff paid his initial partial filing fee on June 28, 2010. [Doc. 13].

After completing a preliminary review, the magistrate judge issued an Order to Answer. [Doc. 14]. Defendants filed a Motion to Dismiss, or in the Alternative, for Summary Judgment on November 24, 2010. [Doc. 33]. As plaintiff is proceeding without counsel, on December 2, 2010, the magistrate judge issued a Roseboro Notice advising plaintiff of his right to file a response to defendants' motion. [Doc. 35]. Plaintiff filed his response on December 7, 2010. [Doc. 38].

On December 13, 2010, plaintiff moved to amend and supplement his complaint. [Doc. 41]. Defendants responded on December 15, 2010, with a Motion to Strike Plaintiff's Motion to Amend/Correct [Doc. 47], which was denied on May 31, 2011. [Doc. 65].

On June 8, 2011, the magistrate judge filed a Report and Recommendation that plaintiff's Motion for Leave to Amend and Supplement [Doc. 41] be **DENIED**; defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 33] be **GRANTED**; and plaintiff's complaint [Doc. 1] be **DISMISSED with prejudice.** The magistrate judge found that because allowing plaintiff to amend his complaint would be futile, plaintiff's motion should be denied. Further, the magistrate judge found that plaintiff had failed to exhaust his administrative remedies as to all but three of the claims stated in his Complaint. Accordingly, the magistrate judge found that defendants' motion to dismiss

should be granted as to all plaintiff's claims, except the three claims for which plaintiff had exhausted his administrative remedies. The magistrate judge then found that of the remaining three claims, only one was not barred by the two year statute of limitations. Thus, the magistrate judge found that only one claim, plaintiff's claim of retaliation[2], was not barred. As to that remaining claim, the magistrate judge found that plaintiff's claim was incognizable because inmates do not have a constitutional right to participate in grievance procedures. Accordingly, the magistrate judge found that plaintiff's remaining claim should be dismissed with prejudice for the failure to state a claim upon which relief may be granted.

On June 20, 2011, plaintiff filed Exceptions and Objections to the Opinion/Report and Recommendation [Doc. 71]. On July 7, 2011, plaintiff filed Supplemental Exceptions and Objections to the Opinion/Report and Recommendation [Doc. 72-1].

### III. <u>PLAINTIFF'S OBJECTIONS</u>

In his June 20, 2011, Objections to Report and Recommendation [Doc. 71], plaintiff objected to the R&R on the following grounds: (1) that his retaliation claim was not exhausted (the magistrate judge found that the claim was exhausted); (2) that plaintiff's claims which the R&R recommended be dismissed for failure to exhaust administrative remedies should not be dismissed because "All claims against all defendants have been alleged at least once in all administrative remedies most of which have never been

---

[2] Plaintiff asserts that he filed a grievance against defendant Thompson, and that Thompson proceeded to retaliate against him by planting a meat thermometer in plaintiff's authorized locker, and falsifying an incident report against him on February 19, 2008. [Doc. 1].

3

addressed by BOP nor this Court and responded to"; (3) that the finding in the R&R that certain claims were barred by the statute of limitations was incorrect because the statute of limitations must be tolled while a prisoner exhausts the administrative grievance process; (4) that plaintiff was denied due process of law by Lt. Shaw when he withheld evidence from plaintiff, and denied due process of law by D. Thompson because he denied plaintiff access to the law library while he was lodged in the Special Housing Unit ("SHU"); and (5) that plaintiff's motion to amend should have been granted as there "is no res judicata bar to Movant's filing" and because denial of the motion to amend delays the proper disposition of the case. (See generally [Doc. 71]).

Plaintiff's Objections to Report and Recommendation [Doc. 72-1], received by the Court on July 7, 2011, are identical to the first page of plaintiff's June 20, 2011, Objections to Report and Recommendation. Additionally, it includes copies of two documents originally filed with plaintiff's June 20, 2011 Objections.

## IV. DISCUSSION

The Court will now address each of plaintiff's objection in turn:

1. Plaintiff's first objection is his retaliation claim was not administratively exhausted. (See [Doc. 71] at 2[3]). This objection is not helpful to plaintiff's case. In the R&R the

---

[3] Plaintiff states that he objects to the magistrate's finding on page 8, paragraph 4, lines 3-4. There are no lines 3-4 in paragraph 4 on that page. The quotation, however, is from lines 3-4 of paragraph 3. At that point in the R&R, the magistrate judge makes the finding that defendants concede that plaintiff has exhausted his administrative remedies as to his retaliation claim. In the remainder of the paragraph addressing plaintiff's objection on this point, plaintiff discusses: the timing of the incident report; how he was removed from the area he was in when the incident happened; allegations that evidence was withheld

magistrate judge found that plaintiff had exhausted the administrative remedies process as to his retaliation claim, that it was not barred by the two year statute of limitations, and that, therefore, the claim should be considered on its merits. If the Court were to sustain plaintiff's objection and reject the recommendation of the magistrate judge on this point, plaintiff's claim would be denied for failure to exhaust administrative remedies. Further, in reviewing the record, the Court finds that plaintiff did exhaust administrative remedies as to his retaliation claim. (See [Doc. 34] at 5; [Doc. 34-1]). Plaintiff's objection on this point is, therefore, **OVERRULED**.

2. Plaintiff's second objection is that his claims which the R&R recommended be dismissed for failure to exhaust administrative remedies should not be dismissed because "[a]ll claims against all defendants have been alleged at least once in all administrative remedies most of which have never been addressed by BOP nor this Court and responded to." ([Doc. 71] at 3). Plaintiff's allegation that all claims have been "alleged at least once in all administrative remedies"–even if accepted as true–is insufficient to save the claims the R&R recommended be dismissed. *See* 42 U.S.C. § 1997e (stating that a prisoner bringing an action "with respect to prison conditions" under 42 U.S.C. § 1983 must first exhaust **all** available remedies).

---

from him with regard to the incident, and a previous petition under § 2241 related to the incident. It is unclear to the Court how any of this discussion is related to the substance of the R&R. If plaintiff is attempting to challenge the finding of the magistrate as to whether or not his retaliation claim should have been allowed to proceed on the merits, the Court finds that defendant's objection on that point is **OVERRULED**. The Court finds overruling plaintiff's objection is proper because as stated below (*see infra*) defendant's retaliation claim must be dismissed as it fails to state a claim upon which relief may be granted.

As discussed by the magistrate judge, in order for plaintiff's claims to be able to proceed (and not be barred by failure to comply with the Prison Litigation Reform Act[4]), plaintiff need not simply have previously "alleged" some claim when seeking an administrative remedy, but must have <u>exhausted all administrative remedies</u> as to that particular claim/allegation. 42 U.S.C. § 1997e; see **Porter v. Nussle**, 534 U.S. 516, 524 (2002), **Booth v. Churner**, 532 U.S. 731, 741 (2001).

Further, based on a review of the record in the above-styled case, the Court finds that plaintiff only exhausted all administrative remedies as to three claims: (1) plaintiff's claims against defendant Yost regarding mailing a hobby craft item through the mail room; (2) plaintiff's claim against defendant Thompson pertaining to incident report number 1701379, received by plaintiff on February 17, 2008, for unauthorized possession of a meat thermometer; and (3) plaintiff's claim that he was denied his legal mail regarding the Magistrate Judge's Report and Recommendation in Case # 3:06-CV-00110, resulting in an unfavorable decision against him, and thereby denying him access to the courts. (See [Doc. 34-1]).

As noted by the magistrate, the BOP provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). If the prisoner

---

[4] The Court notes that the Fourth Circuit has determined that the PLRA does not require a prisoner to allege that he has exhausted administrative remedies. See **Anderson v. XYZ Correctional Health Services**, 407 F.3d 647 (4th Cir. 2005). It is not, therefore, plaintiff's failure to *allege* exhaustion that this Court finds improper; it is the fact that plaintiff alleges he has not exhausted his administrative remedies, and has *in fact* not exhausted his administrative remedies.

achieves no satisfaction informally, he must file a written complaint with the warden (BP-9), followed by an appeal to the regional director of the Federal Bureau of Prisons (BP-10). Finally, if the prisoner has received no satisfaction, he may appeal to the office of the General Counsel (BP-11). 28 C.F.R. § 542.10-542.15; **Gibbs v. Bureau of Prison Office, FCI**, 986 F.Supp. 941, 943 (D.Md. 1997). Here, plaintiff only *completed* the process as to the three claims noted above. (*See generally* [Doc. 34-1]).

3. Plaintiff's third objection is that magistrate judge's finding in the R&R that certain claims were barred by the statute of limitations was incorrect because the statute of limitations must be tolled while a prisoner exhausts the administrative grievance process. Plaintiff's objection on this point is misguided. When the magistrate judge considered whether plaintiff's claims were barred by the statute of limitations, he considered the time that had run *since the last administrative action was taken by the BOP*; and thus, effectively tolled the statute of limitations on plaintiff's claims despite his failure to explicitly label it as such. ([Doc. 69] at 9).

The magistrate judge noted, "[f]or purposes of a **Bivens** action, 'a cause of action accrues either when the plaintiff has knowledge of his claim or when he is put on notice . . . to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim.'" ([Doc. 69] at 9) (quoting **Nasim v. Warden, Md. House of Corr.**, 64 F.3d 951, 955 (4th Cir.1995)). The magistrate judge did not, however, calculate the statute of limitations from the time the complained of incident occurred (and plaintiff's claim accrued). Instead, the magistrate tolled the statute of limitations until plaintiff had completed the administrative grievance process.

7

The magistrate's tolling of the statute of limitations in the above-styled case was in line with the law of this circuit. As noted by Judge Johnston in ***Johnson v. Lappin***, 2011 WL 560459 (S.D.W.Va. Jan. 6, 2011):

> Federal Courts... apply the forum state's law regarding tolling, including equitable tolling, when not inconsistent with federal law. ***Hardin v. Straub***, 490 U.S. 536, 537-39 (1989). In ***Irwin v. Dep't of Veteran's Affairs***, 498 U.S. 89, 97 (1990), the United States Supreme Court recognized that statutes of limitations in actions against the government are subject to a rebuttable presumption of equitable tolling. The ***Irwin*** Court stated that equitable tolling should apply in cases "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." ***Id.*** Federal Courts have held that because the Prison Litigation Reform Act requires a prisoner to exhaust administrative remedies, the prisoner is entitled to equitable tolling of the applicable limitations period while he exhaust[s] the remedies. See ***Clifford v. Gibbs***, 298 F.3d 328, 333 (5th Cir.2002); ***Brown v. Morgan***, 209 F.3d 595 (6th Cir.2000); ***Howard v. Mendez***, 304 F.Supp.2d 632, 638 (M.D.Pa.2004)(a ***Bivens*** case); ***Aguirre-Castillo v. United States***, 2004 WL 594105 (N.D.Tex.)(a ***Bivens***/FTCA case); ***Lopez v. S.C.D.C.***, 2007 WL 2021875 (D.S.C.)

***Johnson v. Lappin***, 2011 WL 560459 *1, at *10 (S.D.W.Va. Jan. 6, 2011); see ***Lopez v. S.C.D.C.***, 2007 WL 2021875 *2 (D.S.C. 2007) ("The Fourth Circuit has not addressed the issue of whether the statute of limitations for a § 1983 action should be equitably tolled

while a prisoner is exhausting the administrative exhaustion process. However, the 'uniform holdings of the circuits that have considered the question' have expressed that the 'mandatory exhaustion process' typically tolls the statute of limitations. ***Brown v. Valoff***, 422 F.3d 926, 943 (9th Cir.2005) (citing ***Johnson v. Rivera***, 272 F.3d 519, 522 (7th Cir.2001); ***Brown v. Morgan***, 209 F.3d 595, 596 (6th Cir.2000); ***Harris v. Hegmann***, 198 F.3d 153, 157-59 (5th Cir.1999)").

In the above-styled case, the Prison Litigation Reform Act governs all of plaintiff's claims. Accordingly, plaintiff was required to exhaust administrative remedies before filing suit in this Court. Plaintiff exhausted his administrative remedies for three of his claims. The magistrate judge found that plaintiff was entitled to equitable tolling of the applicable limitations period for those claims while he exhausted the administrative remedies. Thus, the magistrate judge calculated the limitations period for each of those three claims from the time of BOP's last administrative action.

Specifically, the magistrate judge found:

> In regards to plaintiff's allegation against defendant Yost regarding mailing a hobby craft item through the mail room, the BOP issued its final response to plaintiff on February 27, 2007. [Dckt 34-1 Ex.1 at Attach. F]. Further, in regards to plaintiff's allegation concerning denial of his legal mail resulting in a denial of his access to the courts, plaintiff exhausted his administrative remedies and received the BOP's final response on August 30, 2007. [Dckt 34-1 Ex.1 at Attach. F]. Both of these allegations accrued well before May 24, 2008 [plaintiff filed his Complaint on May 24, 2010]. Both claims are therefore barred by the two-year statute of limitations period, and should

9

be dismissed with prejudice.

([Doc. 69] at 9).

As the magistrate judge properly tolled the statute of limitations with regard to plaintiff's claims, while plaintiff was exhausting the required administrative remedies; and as the magistrate properly determined that despite such tolling, plaintiff's claims were barred by the applicable statute of limitations, this Court finds that plaintiff's third objection should be **OVERRULED**.

4. Plaintiff's fourth objection is that he was denied due process of law by Lt. Shaw when he withheld evidence from plaintiff, and denied due process of law by defendant Thompson because he denied plaintiff access to the law library while he was lodged in the Special Housing Unit ("SHU")[5].

---

[5] Plaintiff also states that his "Due Process of Law" was violated by "Duranko and D. Yost". ([Doc. 71] at 4). In his objections, however, plaintiff never makes a specific objection to the magistrate's analysis with regard to these two defendants. Thus, any objection that plaintiff may have made regarding the magistrate judge's determination on these issues is conclusory. *De novo* review is unnecessary when a party makes objections that are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge. **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982); **Howard's Yellow Cabs, Inc. v. United States**, 987 F.Supp. 469, 474 (W.D.N.C.1997). A litigant who makes only vague objections to the magistrate judge's findings prevents the district court from focusing on disputed issues and thus renders the initial referral to the magistrate judge pointless. **Howard's Yellow Cabs**, 987 F.Supp. at 474. A general objection does not meet the requirements of 28 U.S.C. § 636(b)(1), and failure to file a specific objection constitutes a waiver of the right to *de novo* review. **Id.** (citing **Mercado v. Perez Vega**, 853 F.Supp. 42, 44 (D.P.R.1993)).

Were plaintiff's objections specific, however, on *de novo* review, this Court would still

Plaintiff claims that Lt. Shaw's alleged failure to provide him with "exculpatory evidence... that was photographed proof of [plaintiff's] innocence" ([Doc. 71] at 3) violated plaintiff's right to due process of law. Plaintiff, however, never exhausted the administrative remedy process with regard to this claim against Lt. Shaw[6]. (*See* [Doc. 34-1]). As plaintiff's claim against defendant Shaw is barred due to his failure to exhaust administrative remedies, this Court finds that plaintiff's claim was properly addressed by the magistrate judge and should be dismissed.

---

find plaintiff's objections as to defendants Duranko and Yost to be without merit. In his complaint, plaintiff makes allegations that defendant Duranko: (1) spit tobacco juice, and (2) tossed plaintiff's cell in an improper manner. Plaintiff also makes allegations that defendant Yost improperly handled the mailing of a hobby craft item through the mail room by plaintiff. (See generally [Doc. 1]). Plaintiff's claims against both defendant Duranko and defendant Yost were thoroughly and properly considered by the magistrate judge. He found that plaintiff's claims against defendant Duranko should be dismissed for failure to exhaust administrative remedies; and that plaintiff's claim against defendant Yost should be dismissed as barred by the statute of limitations. This Court finds based on a review of the record, that both determinations were proper and that plaintiff's claims against defendants Duranko and Yost should be dismissed.

[6] Plaintiff includes this allegation with a discussion of the "meat thermometer incident" which relates to plaintiff's claim against defendant Thompson. To the extent that plaintiff's objection that Lt. Shaw denied him due process is related to plaintiff's claim against defendant Thompson, it was still properly dismissed. This Court finds that plaintiff's retaliation claim against defendant Thompson was properly dismissed because plaintiff made no claim that defendant Thompson retaliated against him for the exercise of any of his constitutional rights. (*See* [Doc. 69] at 10-11 (noting that inmates have no constitutional right to participate in grievance procedures)).

Plaintiff also claims that defendant Thompson violated his due process rights when he denied plaintiff access to the law library while plaintiff was lodged in the Special Housing Unit. ([Doc. 71] at 3-4). Plaintiff does not inform the Court in his objection when this alleged 'deprivation' occurred, or with regard to what case it applies. Presumably, plaintiff is arguing that defendant Thompson interfered with plaintiff's access to the courts. The only claim before the Court related to plaintiff's access to the courts, however, is plaintiff's claim that he failed to receive his legal mail in Case # 3:06-CV-00110 (*See generally* [Doc. 1], [Doc. 38], [Doc. 69]). The magistrate judge found that claim was barred by the applicable statute of limitations. (*See* [Doc. 69] at 9). This court, for reasons stated above, agrees with the magistrate judge's finding (*See* discussion of objection 3, *supra*).

Thus, plaintiff's objection that he was denied due process either relates to a claim that was properly barred (the claim that he failed to receive his legal mail in Case # 3:06-CV-00110), or relates to a claim that is not before the Court. Accordingly, this Court finds that plaintiff's fourth objection should be **OVERRULED**.

5. Plaintiff's fifth objection is that his motion to amend [Doc. 41] should have been granted as there "is no res judicata bar to Movant's filing" and because denial of the motion to amend delays the proper disposition of the case. ([Doc. 71] at 4-5).

The magistrate judge found that plaintiff should not be allowed to amend his complaint because allowing amendment would be futile since plaintiff's additional claims would fail as a matter of law. As noted by the magistrate judge, plaintiff seeks to amend his complaint with "events that happened after the date of the pleading," and further, to supplement his complaint with a due process claim for improper administrative segregation. (See [Doc. 41]). The problem with plaintiff's fifth objection is that it overlooks the key

12

finding of the magistrate judge with regard to amendment: that *even if* the Court were to allow amendment, plaintiff's claims would fail.

Specifically, plaintiff's claims relating to "events that happened after the date of the pleading," would be barred for failure to exhaust administrative remedies. The PLRA requires that administrative remedies be exhausted as to all claims prior to the filing of the initial complaint. 42 U.S.C. § 1997e; *see* **Porter v. Nussle**, 534 U.S. 516, 524 (2002), **Booth v. Churner**, 532 U.S. 731, 741 (2001). Thus, because the events that plaintiff complains of happened *after* he filed his initial complaint, it is impossible for plaintiff to have exhausted his administrative remedies as to those claims prior to the filing of the initial complaint. Additionally, as to plaintiff's claims relating to improper administrative segregation, plaintiff's proposed amendments fail to state a claim upon which relief may be granted. As noted by the magistrate, the Fourth Circuit has found that "confinement to administrative segregation does not implicate a liberty interest." **Beverati v. Smith**, 120 F.3d 500, 504 (4th Cir. 1997).

As the amendments that plaintiff proposes would be futile, the Court finds that it does not matter whether or not plaintiff's claims are or are not barred by *res judicata*; and that allowing plaintiff to amend his complaint would not advance the case as plaintiff claims. Accordingly, as "justice" does not require the Court to allow plaintiff to amend, and as the magistrate judge properly recommended that plaintiff's motion to amend be denied, the Court finds that plaintiff's fifth objection should be **OVERRULED**. See Fed.R.Civ.P. 15(a).

## CONCLUSION

For the reasons stated above, the Magistrate Judge's Opinion/Report and Recommendation [Doc. 69] is **AFFIRMED** and **ADOPTED** as it recommends that plaintiff's Motion for Leave to Amend and Supplement [Doc. 41] be **DENIED**, defendant's Motion to Dismiss, or in the Alternative for Summary Judgment [Doc. 33] be **GRANTED**, and plaintiff's complaint [Doc. 1] be **DISMISSED with prejudice** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the *pro se* plaintiff.

**DATED**: July 29, 2011

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE